Good morning again, Your Honor. It's Attorney Luis F. Munoz on behalf of the Appellant. This is Maribel Maldonado-Catala. Please, the Court, again, in substitution for the Counsel, Duarte Guevara, who, again, since we reiterate his apologies. Again, Your Honor, this is an appeal from a granting of a motion for summary judgment, which we understand it was issued in error. Originally, the Court had found that there were substantial facts, and ultimately, we considered that position and found that the facts were lacking. In so doing, the Court found that the case was time-barred and excluded two crucial pieces of evidence that we understand would have showed a continuous action to merit the claim. By way of background, Your Honor, Ms. Maldonado, who is an ambulance operator, an employee for the municipality, filed an EEOC claim in July of 19, 2012, after several incidents had taken place within the municipality in which she participated as a witness. Subsequent to that, she, or during that time period, Your Honor, one of the witnesses described the work environment as being as if it were war, being actively hostile and very negative towards her. But one of the crucial points is, at one point, she receives a very threatening, very nasty email documenting her participation in one of the sexual harassment complaints, and she brings it to the attention of the Puerto Rico Police Department, who begins an investigation of the matter. This is one of the witnesses whose deposition was presented to the Court, and eventually was excluded by the Court on the reconsideration. The officer investigated was able to determine that the email was coming from the municipality, and this information is eventually provided directly to the mayor, and subsequently to the Human Resources Director when she returns from maternity. This evidence, we suggest and we affirm that if a jury heard this, Your Honors, they could reasonably infer that the municipality was promoting these acts of sexual harassment because they didn't do It is clear, Your Honors, that Ms. Maldonado understands that it was done by her co-workers from the municipality. That's an issue of fact. Ultimately, it may be determined by the prior fact. We understand that the IT person from the municipality disputes that, but again, that's a dispute of fact. That's a fact that should be sent to the jury and not be resolved in the motion for summary. Counsel, don't you have a time bar issue with that incident? Because unless you have a good continued violation theory, the incident that these Facebook postings, which I think took place fairly soon after she went out with her first injury, aren't they well beyond that 180-day period that would apply from the time that she filed her EEOC complaint? Yes, Your Honor. I understand that in terms of the spacing of time, that would be correct. But what we point to the court and which was originally accepted by the court was the instance that took place once she returned, that once she was returned, it was made clear to her she would not be engaging in activities such as being in an ambulance. She would be required to sweep the floors or mop or basically do janitorial tasks. Subsequent to that. So what are your so-called, what are your anchoring events within that 180-day period that you rely upon? Okay. That would allow you to go back, back to 2000, 2009, 2010. Okay. Your Honor, I point to the fact that in 2011 she goes to the mayor to inform the mayor of the ongoing criminal investigation that's taking place and that is believed that it's coming from the municipality and specifically it's coming from her work area, the emergency management section. The fact that there's no reaction to that, there's no investigation to that, Your Honor, is an anchoring fact. And then in 2012 when... Well, it was not that there was no investigation. They deferred to the police investigation first, didn't they? Well, Your Honor, that is their allegation, but they are certainly free to investigate the matter on their own as well as to assess if indeed and assist the police in an investigation. Irrespective of what the Puerto Rico Police Department was going to do with that, Your Honor, it's clear that there's a very serious email communication that's allegedly coming from within the municipality. Therefore, the mayor has an affirmative and the human resources director has an affirmative obligation to assess and investigate that. So that's why I cite that fact as an anchoring event to go back to the 2009-2010 email incident, Your Honor. But I thought the district court said it could not be an anchoring event because I thought it said that no reasonable fact finder could decide who was responsible for sending those emails. And so initially it did not take that view, but on reconsideration it did take that view. So in other words, in the district court's view, there was not a genuine issue of material fact there because no reasonable fact finder could attribute responsibility to an employee, I guess, of the municipality. What's wrong with that view of the evidence? Your Honor, I think that that takes – excuse the evidence in favor of the non – against the plaintiff because examining that same fact that, as the testimony showed, that only employees had access to that computer, that the computer was under lock and key, that there were restrictions to the access to that computer. And again, the findings of the police department was that it came from a machine within the emergency management area. Or the police department, right? It was one or the other and they couldn't pin down if it was emergency management or the police. Because at that time, Your Honor, that particular area was being supervised by the superintendent of the police department and the emergency management. Because at the time, the mayor was using the same person to operate both divisions. So we're talking about the same computer. Regardless of why, the factual determination doesn't change regardless of whether it was because it was supervised by somebody or not. But the factual situation, Your Honor, still is that it's a particular computer in a particular area, a specific area, namely the work area of Ms. Maldonado. And what I would postulate, Your Honor, is that that's a fact that it's for the jury to determine whether that's enough to establish that it was from the municipality or that the municipality didn't do anything to investigate or resolve the issue. The finding is not that it didn't come from the municipality at all. The finding is that it may be the police or it may be the emergency management, but it's still a machine operated and controlled by the municipality. So to the extent that you can't pinpoint one particular person or that matter is in dispute because Ms. Maldonado believes that it's a specific person because she saw that person's car there, that that person was the interim director at the time does not, it goes to the weight of the evidence, Your Honor, I would argue that it's not dispositive that the municipality had nothing to do with it. It's a question of fact of whether the municipality being put on notice by the police department did nothing to investigate and here is this computer in this area where it's clearly this email is coming from. So it creates and foments hostility towards Ms. Maldonado for participating in these investigations of sexual harassment. So that's why we argue, Your Honor, that the court erred because it's in effect looking at the evidence and giving it more weight because it comes from the IT director of the municipality. We would submit that that's a credibility issue. If the police department and the police officer who was deposed in the case made it very clear that her next step was to go and interview specific employees in the area and therefore she could eventually find or come to a reasonable conclusion as to who was the person. So if that's the case, then, Your Honors, then so could the municipality. The municipality could as well have investigated and made an assessment and made a determination and found the person. Counsel, what about the other anchoring events? This is the unequal treatment statements of coworkers that they did not have licensing, they had not met licensing requirements that she was required to make. Is it your position that if any coworker of an employee such as your client makes a statement like that, those qualify really as statements in effect that are attributable to the employer? Is that your position? Yes, Your Honor, in the sense that there's evidence to support that from her coworkers, Your Honor, that show that Ms. Maldonado was singled and treated differently. So to the extent that there's other evidence, I would submit to the court that yes. Oh, I actually thought my time had ended. Thank you. Good morning, Your Honor. May it please the court, Efrain Adeluna Colon for Apalese Municipality of Naranjito and Apalese in their official capacity. I will quickly address some issues as to the Facebook message. First of all, it could only be traced, if anything, to an IP address in the municipality. There was no report filed by the police of Puerto Rico to that respect, so it cannot be pinpointed to any machine either on the EMO, emergency medical office, or the municipality police. Second of all, we must bear in mind that a parent was out of leave, so this Facebook message, even though insulting, we can see it as a mere utterance that did not affect her work performance, because she was out of the work environment. She had been out for at least four months. Can I just ask you a record question? Yes. I saw a date, I think, on one of the messages in the record, in the appendix, November 2010. Are all the messages from that same general time frame? I can only, Your Honor, there's one message, which is November 1st, 2010. The other ones, I don't have the information, I cannot provide it to you, but it was throughout, before, between October and December 2010. The other ones, this one, this message was... Excuse me one second, do you dispute that characterization? So between October and December. Okay, thank you, that helps a great deal. Okay, Your Honor, the other ones were like Facebook wall postings, this one was specifically directed to the appellant's inbox. She was planning to go back to work, right? Excuse me, Your Honor? She was planning to go back to work when she recovered from her injury. Why doesn't it count if there are messages from the work site that she's going to return to that are as ugly and threatening and mean-spirited as these are? I don't understand why they shouldn't count in terms of a hostile environment claim. Because it was the only one, Your Honor, at the time she had requested, around that time, another six-month extension to her leave without pay, secondly, it was the only, those messages were the only ones that appeared to threaten her or insult her. After the November 1st, those Facebook messages died down. No more issues on record appear as to any harassment against her. So that's our contention that it didn't affect her work performance. Besides, she wasn't working. It's not like a crowdly situation, a crowdly bill of being, or a rogue situation where the outside harassment interfered with her job performance because she had to see the person, the harasser or harassers at the same time at work. As to the licenses, she relies on the declarants, our co-workers, where she alleges that they were treated differently because they did have licenses and were allowed to work as EMTs. Well, it's still our contention that this is inadmissible here. As I say, they were in no way representing the agency or the municipality. It's not party opponents' declarations. It's the contention of the municipality. As such, we believe that the continuation violations doctrine, because these anchoring events do not find evidentiary support, we believe that the continuation violations doctrine is not available to appellant. And as such, we move this court to affirm summary judgment from the district court. I yield the rest of my time to brother counsel. Good morning, and may it please the court. Luis Roman Negron, counsel for Individual Appellees. The Individual Appellees, Your Honors, respectfully ask the court to affirm in its entirety the judgment dismissing with prejudice all claims that were brought against Individual Appellees for the following reasons. First of all, a review of the record on appeals shows that the appellant has abandoned or waived all of the claims based on state law. As you know, there is no appeal from the Title VII dismissals, so the only claims before this court are state law claims. But even in that case, a review of the record shows that they expressly admitted that the dismissal was correct as to Laws 115, Law 100, and Article 1802 and 1803 of the Civil Code. They also brought a claim under the Constitution of Puerto Rico, Article 2, Section 1, and even though they did not renounce that, there's a total lack of argument, a development of an argument under that theory on appeal. It is the law of the circuit that a failure to develop an argument on an issue constitutes waiver. The only two claims that she brought on appeal is under Law 17 and Law 69. Even though there's a patient and a half long discussion on those issues, the discussion on those issues is mainly based on a continuing violation. They claim that those claims are not time-barred because of a continuing violation theory under state law, but the fact is that they do not discuss a case on which they rely, which is Rivera-Ruiz. In fact, it is a case in Spanish, a translation of which was not supplied to the court. So based on that, we ask the court to hold that all claims under state law were waived or abandoned on appeal. Regardless of that, or irrespective of that, we maintain that those state law claims are time-barred. The claims, the allegations in the complaint are basically based on two sets of facts. One set of facts occurred in late 2010 and all stem from the investigation of Mr. Bristol. And include the email events that the court was discussing with brother counsel a couple of minutes ago. After that, after December 2010, there is a gap. If you look at the, and I direct the court's attention to the complaint, specifically for paragraphs 22 through 25, where there is a jump from what happened in 2010, and then a second set of facts are beginning to be discussed in early 2011. So there is a gap, and there is no way there can be a continuing violation when there is no continuity, there is no uninterrupted conduct. They not only failed to provide the law to this court to make a ruling as to the continuing violation, but they failed to discuss how the case law helps them in this case. Since most of their arguments are based on what happened in 2010, and they don't use our time part. And we also claim that on the merits, regardless of these official issues, they lack a cause of action. And I restate the arguments that we set forth in our brief. Thank you.